UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES FOLSOM,<br><br>           Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>           Respondent. | Case No. 08cr1092 JAH<br>Civil No. 11cr1735 JAH<br><br>**ORDER DENYING MOTION AND DENYING CERTIFICATE OF APPEALABILITY**<br><br>[28 U.S.C. § 2255] |

**<u>INTRODUCTION</u>**

Petitioner James Folsom ("Petitioner"), proceeding *pro se*, filed a motion challenging his conviction under 28 U.S.C. § 2255.  After a thorough review of the record and the motion, and for the reasons set forth below, this Court denies and summarily dismisses Petitioner's motion.

**<u>BACKGROUND</u>**

On February 17, 2009, Petitioner was found guilty by a jury of Counts 1 through 26 of the superseding indictment, which charged Petitioner with one count of conspiracy in violation of 18 U.S.C. section 371, ten counts of introduction of an adulterated device into interstate commerce in violation of 21 U.S.C. sections 331(a), 333(a)(2) and 351(e) and (f), ten counts of introduction of a misbranded device into interstate commerce in violation of 21 U.S.C. section 331(a), 333(a)(2), 352(o), 352(b) and 360(j) and (k), five counts of failure to register a device establishment in violation of 21 U.S.C. sections

331(p), 333(a)(2) and 360, and with commission of an offense while on pretrial release in violation of 18 U.S.C. section 3147.  On February 8, 2010, this Court sentenced Petitioner to thirty -nine months in custody on Counts 1 through 6, 9 through 13 and 16 through 19 with three years of supervised release to follow, and twelve months custody on Count 7, 8, 14, 15, and 20 through 26 with one year of supervised release to follow.  The Court ordered the 12 month sentence consecutive to the thirty-nine month sentence and the one year of supervised release concurrent to the three year supervised release term.

Petitioner appealed his conviction.  The Ninth Circuit rejected Petitioner's claims and affirmed the conviction.  Petitioner filed the instant motion to correct or modify his sentence pursuant to 28 U.S.C. § 2255 on August 3, 2011.  (Doc. No. 136).

## LEGAL STANDARD

A section 2255 motion may be brought to vacate, set aside or correct a federal sentence on the following grounds:  (1) the sentence was imposed in violation of the Constitution or laws of the United States, (2) the court lacked jurisdiction to impose such sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack.  28 U.S.C. § 2255.  A district court must summarily dismiss a section 2255 application "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

## DISCUSSION

**I.  Petitioner's Motion**

Petitioner seeks an order vacating his conviction on the following grounds: (1) the Court lacked jurisdiction because Title 18 of the United States Code is void, (2) there was no criminal complaint supported by probable cause in the proceeding in violation of his due process rights, (3) the Court is not an Article III judge, (4) the Court is selling conviction bonds in violation of various constitutional rights, (5) Rule 6 of the Federal Rules of Criminal Procedure permit the government to hold grand jury records in violation

of the separation of powers doctrine, (6) the government concealed evidence in violation of Brady v. Maryland, 373 U.S. 83 (1963), and (7) the government concealed classified documents in violation of the Fifth Amendment.

**A.  Jurisdiction**

Petitioner argues this Court lacked jurisdiction[1] over his criminal proceeding because Title 18 of the United States Code was not properly enacted due to quorum and voting issues and therefore is void.  Courts have determined this argument frivolous and this Court agrees.  See United States v. Collins, 510 F.3d 697, 698 (7th Cir. 2007); United States v. Lewis, 2010 WL 3447702 (N.D.Cal.); United States v. Chellemi, 2007 WL 2995726 (D.Ariz.), see also U.S. Civil Service Commission v. Nat'l Ass'n of Letter Carriers, AFL-CIO, 413 U.S. 548, 550 n. 1 (1973) (Stating Title 18 was enacted into positive law).

**B.  No Criminal Complaint**

Petitioner maintains his conviction must be set aside because there was no criminal complaint or probable cause affidavit filed in his criminal proceeding as required by  Rule 3 of the Federal Rules of Criminal Procedure and in violation of the Fourth Amendment. Although no complaint was filed in this matter, an indictment was issued.  See Doc. Nos. 1, 30.  A "grand jury's determination that probable cause existed for the indictment also establishes" probable cause for issuing a warrant.  Giordenello v. U.S., 357 U.S. 480, 487 (1958).  As such, this claim has no merit.

**C.  Article III Judge**

Petitioner argues this Court is not an Article III judge because paying taxes diminishes pay and subjects the Court to undue influence by the Internal Revenue Service. The Supreme Court has determined a non-discriminatory tax on net income of a federal

---

[1]Included in this argument is Petitioner's argument that this Court should "forward" the pending motion to the United States Supreme Court for consideration to avoid a violation of 28 U.S.C. section 455.  Section 455 requires a judge to disqualify himself in a proceeding in which his impartiality might be reasonably questioned.  Petitioner presents no reasonable basis for challenging this Court's impartiality.  Additionally, section 2255 requires this Court, as the sentencing court, to hear the motion.

08cr1092

1   judge is not a violation of Article III.  See  O'Malley v. Woodrough, 307 U.S. 277, 282

2   (1939).  Accordingly, this argument is meritless.

3   **D.  Sale of Conviction Bonds**

4        Petitioner contends the district court is a corporation listed in Dun & Bradstreet

5   and sells bonds based on Petitioner's conviction.  He argues, selling these "conviction

6   bonds" is a violation of the separation of powers doctrine and renders his conviction void.

7   Initially, the Court finds the argument completely meritless and without any legal

8   authority.   Additionally,   Petitioner presents no credible evidence to support his

9   conclusory allegation.[2]

10  **E.  Grand Jury Records**

11       Without cite to legal authority or further discussion, Petitioner contends Rule 6 of

12  the Federal Rules of Civil Procedure is unconstitutional because it permits the government

13  to hold grand jury records in violation of the separation of powers doctrine.  This Court

14  finds the unsupported claim wholly without merit.

15  **F.  Concealing Evidence**

16       Petitioner maintains the government concealed evidence that qualifies as Brady

17  material and argues, therefore, the case must be dismissed.  Petitioner makes general

18  allegations, without any support, that the government "has records in about 29 different

19  agencies related to a criminal Defendant and "conveniently move[s] the evidence to the

20  other agencies or allowed the evidence to stay in other agencies so the Defendant does not

21  see it."  Motion at 50.  He fails to provide any evidence to support an inference that the

22  government failed to produce material favorable to his defense and therefore fails to meet

23  his burden to support a claim under Brady.  See United States v. Price, 566 F.3d 900, 910

24  (9th Cir. 2009).  As such, he is not entitled to relief on this basis.

25  **G.  Concealing Classified Evidence**

26       Petitioner states "he learned he has classified records in his case in the CIA and the

27  

28       [2]Petitioner lists an invalid website and a website for fidelity.com and suggests inputting a case number in the "CUSIP" search demonstrates the Court sells conviction bonds.

1  NSA, as well as other agencies in the government" and the government was required to
2  produce the records that were exculpatory.  He maintains the government's failure to do
3  so requires his release.  Petitioner fails to submit any evidence to show the records were
4  favorable or material to his defense.  See Price, 566 F.3d at 910; United States v. Gurolla,
5  333 F.3d 944, 951 (9thCir. 2003) (Holding the government was not required to disclose
6  classified documents that were not relevant or helpful to the defense and therefore not
7  material).

8         As discussed above, Petitioner presents frivolous and meritless arguments in support
9  of his motion for relief under section 2255.  Petitioner, therefore, is not entitled to relief.

10 **II.  Certificate of Appealability**

11        Pursuant to Rule 11 of the Rules following 28 U.S.C. section 2255, a district court
12 "must issue or deny a certificate of appealability when it enters a final order adverse to the
13 applicant."  A certificate of appealability is authorized "if the applicant has made a
14 substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To
15 meet this threshold showing, petitioner must show that: (1) the issues are debatable
16 among jurists of reason; or (2) that a court could resolve the issues in a different manner;
17 or (3) that the questions are adequate to deserve encouragement to proceed further.
18 Lambright v. Stewart, 220 F.3d 1022, 1024-25 (9th Cir. 2000)(citing Slack v. McDaniel,
19 529 U.S. 473 (2000) and Barefoot v. Estelle, 463 U.S. 880 (1983)).Petitioner seeks to
20 appeal this court's order denying his section 2255 motion.

21        Based on this Court's review of the instant petition, the Court finds no issues are
22 debatable among jurists of reason and no issues could be resolved in a different manner.
23 Furthermore, the Court finds no questions are adequate to deserve encouragement to
24 proceed further.  Accordingly, this Court denies Petitioner a certificate of appealability.

25                        **<u>CONCLUSION AND ORDER</u>**

26        Based on the foregoing, IT IS HEREBY ORDERED:

27        1.      Petitioner's motion is **DENIED**;

28 //

2.      Petitioner is **DENIED** a certificate of appealability.

DATED:  October 7, 2011

_____
JOHN A. HOUSTON
United States District Judge

08cr1092